Trippe, Judge.
1. It is a well recognized principle that if A, for a valuable consideration, agree to pay the debt of B to C, and C accepts the promise of A for said debt, A is bound by the promise. If *429 A give his note on such an undertaking, there is sufficient '"consideration to support the contract. And more particularly would this be so if A himself were, as the consideration of his promise, to accept and appropriate to his own use whatever the consideration was of B’s debt to C. In this case, according to Scrugg’s testimony, he had bought the^ paper, the draft was drawn on him'; the partnership agreed to take the paper, did take it and use it, and by the authority of the partners, he accepted the draft for them, he being one of the firm. The creditors have received the draft so accepted, and ratified the arrangement by bringing suit on it. It is a general principle that there can be no acceptance except by a drawee, or by. a drawee au besom, or by some one for honor, so as to make the party liable technically as acceptor: 1 Parson’s Notes and Bills, 313; Jackson vs. Hudson, 2 Camp., 447. But it is also a rule, stated by the same authorities, that when there is an acceptance by a third person for a consideration he is liable as a guarantor, or otherwise, on his contract. In this case there was one count against defendants as acceptors, one as guarantors, and one for goods sold and delivered.
2. It is argued for plaintiffs in error that the acceptance is by Scruggs, for the “Opinion newspaper,” and that such was not the name or style of the partnership or association. The whole and sole business of the association or partnership was the publication of- a newspaper called “The Opinion;” the debt was created for paper, on which “The Opinion” was published, and by a partner in the publication. Was not this a sufficient identification of- the partnership. In Faith vs. Richmond et al., 11 A. & E., 339, it was held that when a partner, accustomed to issue notes on behalf of the firm, indorses a particular note in a name differing from that of the partnership and not previously used by them, which note is objected to on that account, in an action brought upon it by the indorsee, the proper question for the jury is whether the name used, though inaccurate, substantially describes the firm, or whether it so far varies that the indorser must be taken to have issued the note on his own account, and not in the exercise of his general authority as partner.” It is true, as a general '"rule, that a partner has no implied authority to bind his co-partners by his acceptance of a bill of exchange, except by an acceptance in the true style of the partnership: Kirk vs. Blurton and Habershon, 9 M. and W„ 284; 1 B. and C., 146; Parson on Notes and Bills, 135. But in these and like cases there was no evidence that there was a valuable consideration for the acceptance received and accepted by the partnership. In such instances, where the consideration exists, there is no reason or justice in the application of the strict rule. If the firm does in fact receive the consideration, there can be no fraud on the part of the partner thus accepting, as was set up in Kirk vs. Blurton, etc., above referred to; and Denman, Chief Justice, said, in Faith vs. Richmond et al., supra, “In this case Richmond had authority to make notes as a partner in this com *430 pany; but the note in question described a different firm; and the question was whether the evidence raised any exception to the general rule as to the exercise of a partner’s authority,” and further specially mentioned the fact that; “the note was made payable at a place where they (the firm) never kept money.” What stronger ground for an exception to the general rule could be laid, than in the fact that a firm gets the whole consideration for which the acceptance is given. Mason vs. Rumsey & Rumsey, 1 Camp, 384, shows that the general rule does not strictly apply in all cases, and that wherever the reason for it does not exist the rule does not apply. The bill was drawn on “Rumsey & Company,” and T. Rumsey, Jr., wrote on it, “accepted. T. Rumsey, Sr.,” a partnership between the two Rumseys was proven, and it was held that the acceptance bound the firm. And we think, in this case, if the testimony of Scruggs be true, and the jury so found, the association or partnership was bound on this acceptance.
3. Though the evidence was conflicting on some of the material questions, yet that was a matter for the jury, and there being positive evidence to support the verdict, and the Judge trying the case having refused a new trial, we cannot interfere. The case is not one where the weight of the evidence is so ^strongly against the verdict as to suggest that it was the result of improper or illegal influences or motives.
Judgment affirmed.